[No. A019575. First Dist., Div. Two. Oct. 11, 1985.]

ANGIE LEE UTTER, Plaintiff and Respondent, v.
DORIS V. ALEXIS, as Director, etc., Defendant and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Harold W. Teasdale and Robert E. Murphy, Deputy Attorneys General, for Defendant and Appellant.

Dennis L. Woodman and Woodman & Woodman for Plaintiff and Respondent.

**OPINION**

**KLINE, P. J.**—The Director of the State Department of Motor Vehicles (appellant) appeals after the San Mateo Superior Court granted respondent Angie Lee Utter's petition for prohibition and ordered appellant to desist and refrain from suspending respondent's driver's license pursuant to Vehicle Code section 13352, subdivision (a)(1).[1] We affirm the order of the superior court.

---

[1]Subsequent statutory references are to the Vehicle Code unless otherwise noted.

## FACTS

On December 23, 1981, respondent was arrested for a violation of former section 23102, subdivision (a) (driving under the influence of alcohol). On January 5, 1982, a complaint was filed in municipal court charging respondent with violating former section 23102, subdivision (a).

On February 18, 1982, a legislative change occurred that is crucial to the sole issue addressed in this appeal. On that date, section 13352, subdivision (a)(1), (as amended by Stats. 1982, ch. 53, § 16) became effective as emergency legislation. (Stats. 1982, ch. 53, § 47.) The amended statute requires the Department of Motor Vehicles (DMV or Department) to suspend for six months the licenses of those convicted of their first offense of driving under the influence "if the court orders the department to suspend the privilege *or* if the court does not grant probation." (§ 13352, subd. (a)(1), italics added.)[2] By contrast, prior to the amendment a first time offender was subject to the six month suspension only if the court *ordered* the license suspended. (Former § 13352, subd. (a).)[3]

On March 10, 1982, respondent entered a plea of guilty to violation of section 23102, subdivision (a), and was fined $536. The judge, apparently relying on the law as it existed at the time of the offense (Dec. 1981), recommended that respondent's license *not* be suspended, but did not grant probation. Thus, under the law as it existed at the time of the offense, the DMV was without authority to suspend respondent's license because the court did not order suspension (former § 13352, subd. (a)); under the current statutory scheme, however, the DMV would be required to suspend respondent's license since the court did not grant probation. (§ 13352, subd. (a)(1).) On April 12, 1982, the DMV issued an order suspending respon-

---

[2]Section 13352 provides in pertinent part: "(a) The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of a violation of Section 23152 or 23153 or subdivision (a) of Section 23109, or upon receipt of a report of a judge of the juvenile court, a juvenile traffic hearing officer, or a referee of a juvenile court showing that the person has been found to have committed a violation of Section 23152 or of 23153 or subdivision (a) of Section 23109. For the purposes of this section, suspension or revocation shall be as follows: [¶] (1) Upon a conviction or finding of a violation of Section 23152 punishable under Section 23160, the privilege shall be suspended for a period of six months if the court orders the department to suspend the privilege or if the court does not grant probation."

[3]Former section 13352 (as in effect on Dec. 23, 1981) provided in pertinent part: "The department shall, except for a conviction or finding described in subdivision (a) where the court does not order the department to suspend, immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor or any drug . . . . The suspension or revocation shall be as follows: [¶] (a) Upon a first such conviction or finding, other than under Section 23101 or 23106 such privilege shall be suspended for a period of six months, *if the court orders the department to suspend such privilege.*" (Italics added.)

dent's driver's license for a period of six months pursuant to the provisions of section 13352, subdivision (a)(1), as effective on February 18, 1982. Respondent then filed a petition for mandate and prohibition in the superior court, arguing, inter alia, that application of current section 13352 to her case was invalid as an ex post facto application of the law and, alternatively, that the Legislature intended the amended statute to apply prospectively only. Subsequently, the petition was granted and the superior court issued a writ of prohibition ordering appellant to desist and refrain from suspending respondent's license. This appeal followed.

### DISCUSSION

Appellant contends (and respondent agrees) that the central issue in this case is whether the application of current section 13352 to respondent's case "constitutes an ex post facto or retroactive application of the law and thus a violation of the California and United States" Constitutions. We disagree that this is the dispositive issue.

The recent decision of our Supreme Court in *Fox* v. *Alexis* (1985) 38 Cal.3d 621 [214 Cal.Rptr. 132, 699 P.2d 309], compels us to conclude that the Legislature did not intend to retroactively apply the February 18, 1982 amendment to section 13352, subdivision (a) to offenses committed before the effective date of the amendment. This conclusion renders it unnecessary to address the central issue posed by the parties. (*People* v. *Williams* (1976) 16 Cal.3d 663, 667 [128 Cal.Rptr. 888, 547 P.2d 1000] ["we do not reach constitutional issues unless absolutely required to do so to dispose of the matters before us."].)

In *Fox* v. *Alexis, supra,* 38 Cal.3d 621, the defendant (Fox) was arrested for driving under the influence before January 1, 1982, and was convicted under former section 23102. Fox was ordered to participate in an approved alcoholism treatment program. Under the statutes in effect at the time he committed the offense, Fox's participation in the program prevented the Department from suspending or revoking his license. However, on January 1, 1982, sections 13352 and 13352.5 were amended, and under the new statutes the Department was directed to revoke Fox's license regardless of his participation in the program. The Department revoked Fox's license under the amended provisions of section 13352, the superior court set aside the revocation, and the Supreme Court affirmed. (38 Cal.3d at pp. 623-624.)

The Department argued in part "that the Legislature intended amended sections 13352 and 13352.5 to govern suspension of licenses due to offenses which occurred prior to the date the statutes became law." (*Id.,* at pp. 627-628.) The Supreme Court rejected this argument noting that "legislative enactments are generally presumed to operate prospectively only and *not*

retroactively unless the Legislature expresses a different intention." (*Id.*, at p. 627, citations omitted, italics in original.) The court noted that "[a] wide variety of factors may be relevant to our effort to determine whether the Legislature intended a new statute to be given retroactive effect. The context of the legislation, its objective, the evils to be remedied, the history of the times and of legislation upon the same subject, public policy, and contemporaneous construction may all indicate the legislative purpose. (*In re Marriage of Bouquet, supra,* 16 Cal.3d [583] at p. 587 . . . .) An express declaration that the Legislature intended the law to be applied retroactively is not necessarily required. (*In re Estrada* (1965) 63 Cal.2d 740, 746 . . . .)" (*Id.*, at p. 629.)

In determining whether the new statutes were to be given retroactive effect, the Supreme Court found it most important that Fox's license was suspended under new section 13352, subdivision (a)(5), which directs revocation of the license of a person convicted "of violation of section 23152 punishable under section 23170 . . . ." Both references are to sections enacted after the offense in *Fox* was committed. The Supreme Court thus concluded that Fox "who was convicted of violating [former] section 23102 and is punishable under that section . . . does not fall within the terms of amended section 13352, subdivision (a)(5)." (*Id.*, at p. 629.)

■ In the present case, we see no distinction between the amendments to section 13352 effective January 1, 1982, and those effective February 18, 1982, which would indicate that the February 18 amendment should be applied retroactively. To the contrary, section 13352, subdivision (a)(1), under which respondent's license was suspended, directs revocation of the license of a person convicted "of a violation of Section 23152 punishable under Section 23160." Respondent was convicted under former section 23102, and, following the reasoning of *Fox* v. *Alexis, supra,* 38 Cal.3d 621, she is punishable under that section and does not fall within the terms of section 13352, subdivision (a)(1) as amended on February 18, 1982.

Finally, we are cognizant that another division of this court has recently reached a result contrary to the one we reach here. In *Campbell* v. *Department of Motor Vehicles* (1984) 155 Cal.App.3d 716 [202 Cal.Rptr. 324], the court held that the February 18, 1982, amendment to section 13352 could be applied retroactively to a defendant who was convicted before the effective date of the amendment. In light of the Supreme Court's subsequent decision in *Fox* v. *Alexis,* we find this result untenable. In addition, the only issue addressed in *Campbell* was whether section 13352 was a "penal" provision for the purpose of ex post facto analysis. The *Campbell* court did not examine what we conceive to be the critical threshold question; that is, whether the Legislature intended that the amendment to section 13352 apply retroactively. The *Campbell* court simply assumed, without discussion, that

the Legislature intended the amendment to apply retroactively. Since, for the reasons earlier set forth, we do not share this assumption, we decline to follow *Campbell.*

The judgment is affirmed.

Rouse, J., and Smith, J., concurred.